**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA 57501-2463**

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

January 24, 2006


Randall B. Blake, Esq.
Attorney for Debtors
505 W. 9th Street
Sioux Falls, South Dakota  57104

Michael Hunter
5801 E. Justine Road
Scottsdale, Arizona  85254

    Subject:   ***In re Thomas Brett Ten Eyck and Michelle Marie Ten Eyck***
                  Chapter 7; Bankr. No. 05-41482

Dear Mr. Blake and Mr. Hunter:

    The matter before the Court is the Motion for Order Directing Clerks of Court to Discharge Judgments Voided in Bankruptcy filed by Debtors on January 9, 2006. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014. As set forth below, Debtors' motion will be granted.[1]

    **Summary.** On July 23, 2001, Mike Hunter ("Hunter") obtained a judgment against Thomas Brett Ten Eyck in state court for $2,305.31 plus costs and interest. On September 19, 2005, Thomas Brett Ten Eyck and Michelle Marie Ten Eyck ("Debtors") filed for relief under chapter 7 of the bankruptcy code. Debtors listed Hunter as an unsecured creditor on their Schedule F.

    On September 22, 2005, the Bankruptcy Clerk served notice of commencement of the case on Debtors' creditors, including Hunter. The notice of commencement of case clearly stated that the deadline for filing a complaint objecting to discharge or to determine the dischargeability of a particular debt was December 27, 2005.

    Neither Hunter nor any of Debtors' other creditors filed a complaint objecting to discharge or to determine the dischargeability of a particular debt. On December 28, 2005, Debtors were therefore granted a discharge under § 727 of the bankruptcy code.

---

    [1] The relevant facts are not in dispute. The issue presented is purely a question of law. Thus, no hearing was held.

Re: *Thomas Brett Ten Eyck and Michelle Marie Ten Eyck*
January 24, 2006
Page 2

On January 9, 2006, Debtors filed a Motion for Order Directing Clerks of Court to Discharge Judgments Voided in Bankruptcy. Hunter's judgment was listed in Debtors' motion. On January 19, 2006, Hunter filed an objection to Debtors' motion, in which he described the circumstances giving rise to his claim against Debtor.

**Discussion.** Section 524(a)(1) of the Bankruptcy Code provides:

(a) A discharge in a case under this title –

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which it was docketed. When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This has the effect of discharging the listed judgments from and after that date.

In this case, Hunter received timely notice of Debtors' bankruptcy. He did not object to Debtors' discharge or to the dischargeability of his claim. His claim was therefore discharged on December 28, 2005. His judgment was voided on that same date. Debtors are therefore entitled to the relief requested in their motion.

The Court will enter an appropriate order.

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

JAN 2 4 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
INH:sh
By_____

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JAN 2 4 2006

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

cc: case file (docket original; copies to parties in interest)

Randall B. Blake, Esq.
505 W. 9th St.
Sioux Falls, SD 57104


Michael Hunter
5801 E. Justine Rd.
Scottsdale, AZ 85254